James L. Davidson (to seek admission *pro hac vice*)
Michael L. Greenwald (to seek admission *pro hac* vice)
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
jdavidson@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Theresa Soto, *on behalf of herself and others similarly situated*, | ) )  Case No. |
| Plaintiff, | ) ) CLASS ACTION COMPLAINT |
| v. | ) ) JURY TRIAL DEMANDED |
| NRA Group LLC d/b/a National Recovery Agency, | ) ) ) |
| Defendant. | ) ) |

**Nature of this Action**

1. Theresa Soto brings this class action against NRA Group LLC d/b/a National Recovery Agency ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

1

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. For example, Defendant directed artificial or prerecorded voice messages to the cellular telephone number that Plaintiff owns in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

**Parties**

7. Mrs. Soto is a natural person.

8. Mrs. Soto resides in Phoenix, Arizona.

9. Mrs. Soto is the mother of C.S., a minor child, who also resides in Phoenix, Arizona with Mrs. Soto.

10. Defendant "is an accounts receivable management company[.]"[1]

11. Defendant is located in Harrisburg, Pennsylvania.

**Factual Allegations**

12. Mrs. Soto is, and has been, the owner and subscriber of cellular telephone number (XXX) XXX-9242 since approximately 2021.

13. Mrs. Soto's minor child, C.S., is the customary user of cellular telephone number (XXX) XXX-9242 and has been since approximately 2021.

14. In or around October 2021, Defendant began placing calls to telephone number (XXX) XXX-9242.

15. For example, Defendant placed calls to telephone number (XXX) XXX-9242 on October 15, 2021, November 1, 2021, November 11, 2021, November 16, 2021, November 18, 2021, December 2, 2021, December 6, 2021, December 10, 2021, December 14, 2021, December 29, 2021, January 13, 2022, January 17, 2022,

---

[1] https://www.nragroup.com/about.html (last visited June 29, 2023).

January 27, 2022, January 31, 2022, February 4, 2022, February 8, 2022, March 7, 2022, March 17, 2022, March 22, 2022, March 31, 2022, April 4, 2022, and May 12, 2022.

16.     Defendant placed its calls to telephone number (XXX) XXX-9242 from telephone numbers (928) 223-7254, (602) 844-6683, (602) 731-2297, (602) 536-6284 (573) 279-5716, (480) 741-4914 and (480) 613-2180.

17.     In connection with approximately twenty-two of its calls, Defendant delivered to telephone number (XXX) XXX-9242 an artificial or prerecorded voice message.

18.     Each of the artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-9242 stated the following:

> We have an important message from National Recovery Agency. This is a call from a debt collector. Please call 1-800-939-6740. Again, please call 1-800-939-6740.

19.     The messages are generic—*i.e.*, Defendant delivered the same or similar message to telephone number (XXX) XXX-9242 on approximately twenty-two occasions—and the messages contain no pauses or breaks in speech as is common in a normal live speech pattern.

20.     Given the generic nature of the messages, the content of the messages, and the number of messages delivered, the messages Defendant delivered to telephone number (XXX) XXX-9242 were prerecorded in nature.

21.     Additionally, on September 15, 2021, October 4, 2021, April 13, 2022, Aprile 15, 2022, May 4, 2022 and May 16, 2022, Defendant delivered a text message to telephone number (XXX) XXX-9242.

22.     Three of the text messages Defendant delivered to telephone number (XXX) XXX-9242 state that Defendant was attempting to reach a person named Jazmin Romero about her Salt River Project account.

3

23. The text messages also state that Defendant is a debt collector attempting to collect a debt:



24. Defendant placed its calls and delivered artificial or prerecorded voice messages to telephone number (XXX) XXX-9242 intending to reach Jazmin Romero.

25. Neither Mrs. Soto nor C.S. are Jazmin Romero.

26. Neither Mrs. Soto nor C.S. know Jazmin Romero.

27. Neither Mrs. Soto nor C.S. have, nor did have, any business relationship with Defendant.

4

28. Neither Mrs. Soto nor C.S. have, nor did have, an account in collections with Defendant.

29. Neither Mrs. Soto nor C.S. have, nor did have, an account with the Salt River Project.

30. Neither Mrs. Soto nor C.S. provided telephone number (XXX) XXX-9242 to Defendant.

31. Neither Mrs. Soto nor C.S. provided telephone number (XXX) XXX-9242 to the Salt River Project.

32. Neither Mrs. Soto nor C.S. provided Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (XXX) XXX-9242.

33. Defendant placed the subject calls to telephone number (XXX) XXX-9242 for non-emergency purposes.

34. Defendant placed the subject calls to telephone number (XXX) XXX-9242 voluntarily.

35. Defendant placed the subject calls to telephone number (XXX) XXX-9242 under its own free will.

36. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (XXX) XXX-9242.

37. Mrs. Soto listened to the artificial or prerecorded voice messages Defendant delivered to telephone number (XXX) XXX-9242.

38. Mrs. Soto suffered actual harm as a result Defendant's subject calls to telephone number (XXX) XXX-9242, in connection with which Defendant delivered an artificial or prerecorded voice message, in that Mrs. Soto suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

39. Mrs. Soto found the artificial or prerecorded voice messages to be irritating and invasive.

40. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

**Class Action Allegations**

41. Mrs. Soto brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom NRA Group LLC d/b/a National Recovery Agency placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with NRA Group LLC d/b/a National Recovery Agency, or a parent, spouse, or child of a person who has an account in collections with NRA Group LLC d/b/a National Recovery Agency, (3) in connection with which NRA Group LLC d/b/a National Recovery Agency used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

42. Excluded from the class is Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

43. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

44. The exact number of the members of the class is unknown to Mrs. Soto at this time, and can be determined only through appropriate discovery.

45. The proposed class is ascertainable because it is defined by reference to objective criteria.

46. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties, including class members.

47. Mrs. Soto's claims are typical of the claims of the members of the

class.

48. As it did for all members of the class, Defendant placed calls to Mrs. Soto's cellular telephone number in connection with which it used an artificial or prerecorded voice.

49. Mrs. Soto's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

50. Mrs. Soto's claims are based on the same theories as the claims of the members of the class.

51. Mrs. Soto suffered the same injuries as the members of the class.

52. Mrs. Soto will fairly and adequately protect the interests of the members of the class.

53. Mrs. Soto has retained counsel experienced and competent in class action litigation.

54. Mrs. Soto's counsel will vigorously pursue this matter.

55. Mrs. Soto's counsel will assert, protect, and otherwise represent the members of the class.

56. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

57. Issues of law and fact common to all members of the class are:
   a. Defendant's violations of the TCPA;
   b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;
   c. Defendant's conduct, pattern, and practice as it pertains to placing calls in connection with which it used an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;
   d. Defendant's use of an artificial or prerecorded voice; and
   e. The availability of statutory penalties.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

60. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

61. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

62. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

63. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

64. The pursuit of Mrs. Soto's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

65. There will be little difficulty in the management of this action as a class action.

66. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I

### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

67. Mrs. Soto repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

68. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Mrs. Soto's cellular telephone number, and the cellular telephone numbers of the members of the class, without consent.

69. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Mrs. Soto and the members of the class are entitled to damages in an amount to be proven at trial.

**Prayer for Relief**

WHEREFORE, Mrs. Soto prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Mrs. Soto as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Mrs. Soto's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Mrs. Soto's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Mrs. Soto and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Mrs. Soto and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Mrs. Soto and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Mrs. Soto and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

    j) Awarding such other and further relief as the Court may deem just and proper.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Mrs. Soto demands a trial by jury of any and all triable issues.

Date: July 18, 2023

*/s/ James L. Davidson*
James L. Davidson*
Michael L. Greenwald*
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 500
Boca Raton, Florida 33431
(561) 826-5477
jdavidson@gdrlawfirm.com
mgreenwald@gdrlawfirm.com

*Counsel for Plaintiff and the proposed class*

* to seek admission *pro hac vice*